**Opinion filed December 17, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00254-CR

_____

## OLAN FLOYD BOATWRIGHT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32240**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt. We dismiss.

Olan Floyd Boatwright originally entered a plea of guilty to the offense of aggravated assault with a deadly weapon. Pursuant to the plea bargain agreement, the adjudication of his guilt was deferred, and he was placed on community supervision for ten years. At the hearing on the State's motion to adjudicate, appellant entered pleas of true to the allegations that he violated the terms and conditions of his community supervision. The trial court found that the allegations were true,

revoked his community supervision, adjudicated his guilt, and imposed a sentence of confinement for eight years.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 17, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2